# J. D. Tufts *versus* R. Hayes.

A party is bound by representations which he has made to another, with a view to gain a credit or advantage. But the representations of a party are not conclusive against him in cases where there is no breach of good faith, in receding from them.

This was an action of trespass for taking and converting to the defendant's own use, a cow of the plaintiff, on the 4th August, 1828, and was tried here, at January term, 1831.

It was admitted by the defendant, that he took the cow, and he justified the taking by virtue of legal process for a debt of the plaintiff, the defendant being at the time a deputy sheriff.

The plaintiff claimed to recover, on the ground that

the cow taken was the only cow of which he was at the time the owner, and so not liable to be taken on mesne process or execution.

The defendant introduced evidence tending to show from the confessions of the plaintiff, that he was at the time owner of another cow, which he then had in his possession, and the counsel of the defendant requested the judge who tried the cause, to instruct the jury, that if they believed that the plaintiff, having the other cow in his possession, and using her as his own, publickly declared that he had purchased her, the plaintiff was not at liberty to show, as against the defendant, that the said other cow was not his own at the time of the taking ; but the judge declined so to charge the jury, but told them, that, although they should believe that the plaintiff had said that he had purchased the said other cow, his so saying did not preclude him from showing, on the trial, that he was not, at the time his cow was taken, the owner of the other.

The jury found for the plaintiff and the defendant moved for a new trial on the ground that the judge improperly refused to charge the jury as requested.

*Christie,* for the plaintiff.

*Eastman* and *I. Bartlett,* for the defendant.

*By the court.* In cases, where declarations and representations of a fact, have been made by a party with a view to influence the conduct of others, or to derive an advantage to himself, he is, in general, not permitted by law afterwards to deny the fact. But where the declaration or representation has been made without any view to gain a credit or advantage and there is no breach of faith in receding from the declaration or representation, it is evidence, but not conclusive evidence.

There are, in the books, many cases, which show the application of these rules. 2 Starkie's, Ev. 28—36 ; 2 Starkie's N. P. C. 396, *Edwards* v. *Bridges* ; 2 M. & Payne, 293, *Edwards* v. *Farebrother* ; 1 B. & P. 293, *Quick*

Tufts
v.
Hayes.

v. *Staines* ; 2 Espin. N. P. C. 657, S. C. ; 1 Campbell, 245, *Robinson* v. *Nahon* ; Cowper, 232, *Mace* v. *Cadell*.

And we think that the authorities fairly warrant us in holding, that to bring this case within the rule, which shuts out the truth, it is not enough that the plaintiff may have made loose declarations to third persons that he owned both cows, but the declarations must have been made under such circumstances as to have given to the defendant, or the person who employed him, a right to consider both cows as the plaintiff's property, and as to make a denial of the truth of the declarations, now inconsistent with good faith and honest conduct. Nothing short of this could have justified the court in telling the jury that the declarations were conclusive. 6 Pick. 455, *Wallis* v. *Truesdell*.

There is nothing stated in this case which shows that the plaintiff had done or said any thing, which gave the defendant a right to consider that both cows belonged to the plaintiff, or which can now be held to preclude the plaintiff from showing that he owned only one cow.

*Judgment on the verdict.*